# United States District Court
## for the

## Middle District of Florida (Orlando Div.)

|  |  |  |
|---|---|---|
| **Stephen Cummings,** | ) |  |
| Pro-se, (Plaintiff) | ) | Civil Action No. 6:17-cv-908-ORL-41-KRS |
| Vs. | ) |  |
| **James Cameron,** | ) |  |
| **Lightstorm Entertainment Inc.,** | ) | COMPLAINT |
| **Sony Pictures Entertainment Inc.,** | ) | (And Demand for Jury Trial ) |
| **Paramount Pictures Corp.,** | ) |  |
| **Paramount Home Entertainment Inc.** | ) |  |
| **Twentieth Century Fox Film Corporation** | ) |  |
| (Defendants) | ) |  |

## COMPLAINT FOR RIGHT TO PUBLICITY, RIGHT TO ROYALTIES, (MISAPPROPRIATION OF NAME, IMAGE, PHOTOGRAPH, LIKENESS), COPYRIGHT INFRINGEMENT

There is no other pending or resolved civil action arising out of the transaction or occurrences alleged in this Complaint.  All statements contained within this (complaint/attached claim or liens and affidavit)/any accompanying motions/affidavits, are written wholly, solely, and completely, by the Plaintiff Pro-se, myself, Stephen Cummings, and are wholly solely and only for the use of only myself this LONE Plaintiff Pro-se, Stephen Cummings.

(Note: ALL statements made herein, and/or in any attached other paers (Liens / Motions / Affidavit(s), etc.) are in accordance with (definitions) found in (Blacks Law Dictionary), and/or standard (Merriam-Webster's Dictionary)).


I this LONE Plaintiff (Pro-se), Stephen Richmond Cummings, hereafter/herein alternately known as ("Plaintiff", or "Stephen Cummings"), as for my/this complaint, and jury trial demand, allege(s) the following, against these/the (individual, and class-action, Defendants):

## NATURE OF ACTION

1. This action arises out of the continuous and current violation of (Plaintiff, Pro-se, Stephen Cummings') Right to publicity by the Defendants all (James Cameron, Lightstorm Entertainment Inc., Sony Pictures Entertainment Inc., Paramount Pictures Corp., Paramount Home Entertainment Inc., Twentieth Century Fox Film Corporation) hereafter known alternately as ("Defendants").

2. Throughout the years (1995 to present) including to date, the Defendants, all, have used (Plaintiff's) name/image/likeness/words/photograph/ideas/life history and life story/other originating with ONLY the Plaintiff, to promote themselves, and/or the (motion picture "Titanic" made by James Cameron, and Lightstorm Ent. Inc., and the Defendants all)/any subsequent re-release of same, including and specifically, the character of "Jack Dawson" which is based solely/wholly/only, on myself, Stephen Cummings, this lone sole Plaintiff.  As is the (entirety of the interpersonal story line of the film, and other of the fictional characters ((such as "Rose"), -which are based wholly, solely, and only, on only the (interactions of myself this Plaintiff, with various Women, up to completion of the screenplay/and-or release of the film in 1997))).

3. The defendants have used aforementioned (originating with only this Plaintiff), to promote, (numerous other products) based on the (film "Titanic" by James Cameron and Lightstorm Ent. Inc./the other Defendants (all)), -the aforementioned being referred to collectively herein as the ("Titanic Franchise").

That, many of the details of my association to the film, are outlined in (Attached "(Original Affidavit regarding (1997 Film "Titanic" by James Cameron and Lightstorm Entertainment Inc., and/or any re-release of same)" dated March, 2017), which (#1-appears at the back of this document,

will be/has already been, served on James Cameron and Lightstorm Entertainment Inc., and on the other defendants (same time as these documents). #2. Which (Copyright Certification, U.S. Lib. Of Congress, (Application pending, March 2017). -see attached (Copyright certification Form TX application, and proof of mailing/delivery for same) attached to affidavit at back of this document.

4. James Cameron was inspired to write the script/screenplay, for the motion picture "Titanic" as a result, of learning of (myself (the Plaintiff), of my life story up to that point, of my career in the Mega-Yacht/Yacht industry (1979-1995/97)-(see attached copy of my Maritime Resume (1979-2004) included within the (Exhibits A-N) attached to the back of this Complaint), and of numerous facts regarding my life/life history, words/thoughts/ideas/image, and in fact from on possibly more than one occasion, actually viewing me personally while working in same Mega-Yacht industry (1995-97), NOTE: ALL INFORMATION USED IN THE FILM ORIGINATED WITH ONLY MYSELF ALONE, not via any contractor/subcontractor, only via James Cameron's OWN research of myself alone, ALL INFORMATION USED IN THE FILM ORIGINATED WITH ONLY MYSELF ALONE.

5. That, the original film "Titanic", released in 1997, (earned in excess of 1.8 BILLION dollars (US), in the FIRST YEAR, -the first film EVER IN HISTORY TO DO SO, that the film/its subsequent re-releases, have earned in excess of (2.2 Billion Dollars (US), -again, the first and only film to do so in HISTORY, (I've heard estimates of in excess of 3.6 Billion, in regards the TOTAL "Titanic Franchise"), and was

the top grossing film FOR 12 YEARS after its release or (between 1997-2010).   That (the Defendants) all, have used, and continue to use, (all aforementioned originating solely and only with myself this Plaintiff, Stephen Cummings), to promote, (the film "Titanic", any subsequent re-release of same, and the "Titanic Franchise"), without myself-Stephen Cummings', express permission, and-or prior to release, and without compensating myself-Stephen Cummings,   NOTE ALSO:  The original release of the motion picture film "Titanic", stayed at NUMBER ONE AT THE BOX OFFICE FOR 15 WEEKS, A RECORD WHICH STILL STANDS TODAY.

(Note also:  That, Box Office Ticket prices, in 1997, as compared to present day 2017, were generally HALF, what they are today.   Meaning, despite James Cameron's success with subsequent (not associated) films, (in adjusted dollars), "Titanic" is STILL, the most successful film produced during my lifetime/anyone's lifetime who was born after 1940, (almost by double, in adjusted dollars), and in fact, (due to its ongoing WORLDWIDE POPULARITY, -I submit, is in fact, the most successful film ever made), - (Note: (the release of the 3D version of the film on DVD in China, within the past few years, just had the most successful DVD original release of ANY FILM IN THE HISTORY OF CHINA). The film has just had its 20th Anniversary later this year, just prior to the filing of this action, and it is STILL "selling like hotcakes"), i.e. MAKING HUGE AMOUNTS OF MONEY.

6. That, the (Defendants) all, used (all aforementioned originating with only myself alone –this Plaintiff), for marketing and commercial purposes, by capitalizing on the fact that "Titanic" and the ((ENTIRETY of the character of "Jack Dawson")/the entirety of the interpersonal story in the film/other of the fictional characters), is based ON A TRUE STORY, namely ONLY MY OWN (this Plaintiff, Stephen Cummings), and again, is ((set against the "backdrop", of (another true story, the actual sinking of the vessel Titanic), -which AGAIN, -all details of which, -that went into or were used in the film, in fact EVERYTHING which went into the film, INCLUDING THE VESSEL ITSELF, ORIGINATED WITH MYSELF ALONE, including (descriptions by me of the actions of my distant relatives (who were

4

aboard the actual vessel Titanic when it sank), my verbal description of the sinking made to friends in 1995 (February/March), my description of the actual discovery of the vessel on the bottom of the Ocean, by Dr. Robert Ballard), -ALL of which were used in the film). Such a use is for the purpose of adding an element of reality and credibility to the "Titanic" films by James Cameron/the other defendants all, and to, among other things, attract a new generation of fans and moviegoers.   This blatant misappropriation of (Plaintiff-my own, Stephen Cummings) name/image/likeness/words/ideas/life history and life story/other as described above (and in attached Affidavit), has the effect of depriving (myself this plaintiff) of past and future compensation for the contribution I have made to not only the "Titanic Franchise", but to Cameron's career.

7.   That, this action/attached claims as stated

, -is based (among other things) on THREE WRITTEN INSTRUMENTS,   those being (#1-the original scriptment/screenplay of the film (March 1995)-as can be seen from same (the names of the characters, were already determined(in 1995), and in fact FROM my statements, #2-the Script of the film (1996), #3- (Jim Cameron's Book, "James Cameron's 'Titanic', ISBN# (s): (0-00-649060-3)/(0-00-757516-1)/(10: 0006490603, 13: 9780006490609, 10: 0067575161) / and any (reprint/subsequent version of same book/printed information), and #4- the attached (Affidavit, aforementioned) by this plaintiff).   I cite, ((Florida Statute,   Title VIII, Chapter 95, 95.031) –as to computation of time (statute of limitations)), …..(stated to be 5 years from last obligation, based on a written instrument), **-the last obligations being (-Among other displays of the film on Television (December 21, 2016 England/Great Britain), (Blu-ray/other DVD releases Sept 2013 ),  (the last theatre release of the film/3D version in Vietnam May 18, 2012),    (The first obligation being (March 1995/and-or the original release of the film, December, 1997)/subsequently thereafter to the present day/continuing).**

(See (Exhibit O) at back of this document for comprehensive/in some cases partial (tv), yet all applicable, - list of release dates.

8. That, I the (Plaintiff), do not have any (contract for profession or personal labor) with anybody, regarding the creation of the film "Titanic", prior to its release (1997) nor since, nor have I ever hired any agent or representative, regarding same at any time. Nor have I the Plaintiff ever given any consent to anyone, to NOT BE PAID for the association to the film, or for providing that, in fact ALL-EVERYTHING, which in fact went into/was used in, the making of the film, in terms of story/content/Vessel itself/(much of the dialogue/scenes)/etc./etc. - ORIGINATED WITH ONLY MYSELF ALONE.

9. That, I the Plaintiff (Stephen Cummings), do have cause of action, based on common law right (Florida and California), and based on California Statute, and ((Florida Statute, regarding right to publicity, and Misappropriation of name/image/likeness/words//photograph/ideas/life history and life story/other, via common law, and via Florida Statute ) – the right of publicity in Florida protects against unauthorized uses of a person's name, portrait, photograph, or likeness, for commercial purposes. ((Florida Statute, Fla. Stat. Ann. Sect. 540.08). I cite, (the term photograph includes still or moving pictures or reproductions of an individual. (See Lane v. MRA Holdings, LLC, 242 F. Supp. 2nd 1205 (M.D. Fla. 2002); see also Tyne v. Time Warner Entm't Co., L.P., 901 So. 2nd 802 (Fla. 2005); Badillo v. Playboy Entm't Group, Inc., 2006 WL 785707 (M.D. Fla. Mar. 28, 2006). The individual must be identifiable in the photograph, and not merely a member of the public who is unnamed and not otherwise identified in connection with the use of the photograph, Fla. Stat. Ann. Sect. 540.08(4)(c).

This statute and its interpretations by Florida courts have not formally recognized the protection of an individual's voice, though it is possible that "likeness" would include this. See Neva, Inc. v. Christian Duplications Int'l, Inc., 743 F. Supp. 1533 (M.D. Fla. 1990) (suggesting that an actor's voice in a recording might be within the scope of § 540.08).

Florida codifies its statutory right of publicity, treated primarily as a property right).

Florida has two systems of rights of publicity: a statute and common law right.   I have cause of action under both.   And that, (I have cause of action under California law also, via (common law – service of the affidavit/more than 30 days past without rebuttal)-THEREBY PROVING THAT CONTAINED WITHIN THE AFFIDAVIT, AND IN FACT ALL ALLEGED WITHIN THIS ACTION, and via (statutory law – via the attached (involuntary lien's/notice of lien, (sworn by myself May 10, 2017), (personal service by hired process server, on all business defendants via/at their respective registered agents, prior to date of filing this action), filed in County of Los Angeles, the State of California, Los Angeles County Registrar Recorder Clerk, prior to date of filing this action, against the defendants (see attached)).   (California Civil Code section 3344 authorizes recovery of damages by any living person whose "name, photograph, or likeness" has been used without his consent for commercial purposes).

10. That, <u>my action is properly brought,</u> under (all law referenced herein/following) and under all Florida Statute, and specifically (Fla. Title XXXIII, Fla. TitleViii Ch.95, Fla. Stat. Ann Chapter 540 and 540.08 Title 17 U.S.C.) and (28USC(1332)), among other laws Federal and State.   And Under CACI(2102) Trespass to chattels/Conversion.

11. That, <u>I have cause of action under (Federal Law), of protections against infringement of Copyright material,</u> via (Title 17 U.S.C.).      (Note also that, Copyright does not have to be certified to be enforceable), -in this case Application for Copyright Certification HAS been made (see attached copy of Form TX Application for Copyright Certification, US Library of Congress).   Under Title 17, I have copyright over self portrait image.   Under CACI(2102) Trespass to chattels/Conversion.

12. That, <u>additionally, regarding my protections under (U.S.C. Title 17, Sect.504,(a),(b)), - I the plaintiff have (Remedies for infringement: damages And profits).</u>   I cite U.S.C. title 17, Set 504(a)(1), "In general – except as otherwise provided by this title, an infringer of copyright is liable for .....(1) the copyright owner's actual damages and any additional profits of the infringer,", and (Title 17 , Sect 504,

(b)) – "Actual damages and profits – The copyright owner is entitled to recover the actual damages suffered by him as a result of the infringement and any profits of the infringer that are attributable to the infringement and are not taken into account in computing actual damages.    In establishing the infringer's profits, the copyright owner is required to present profit only of the infringer's gross revenue,.....".

13. That, I the Plaintiff, have (right to access to the/this Federal District Court under Diversity, via 28 U.S.C. Sub. 1332, - (amount under controversy), and   (citizens of different States).    In support of my action/these claims, I also cite, (The Communications Act of 1934, The Telecommunications Act of 1996, and the Satellite Television Extension and Localism Act of 2010 (STELA), and the STELA Reauthorization Act of 2014, and 28 U.S.C. 1331.

14. That, my action is valid and TIMELY, under ((Florida Statute,  Title VIII, Chapter 95, 95.031) –as to computation of time (statute of limitations)).   And under CACI(2102) Trespass to chattels/Conversion.

## THE PARTIES, JURISDICTION, AND VENUE

16.    Plaintiff is at all times relevant hereto a Male individual, residing in the City of Titusville, County of Brevard, the State of Florida.   I (the Plaintiff) am a former Yacht and Mega-Yacht, Master (1979-2004).   I am now pursuing various studies, and (based on my own individual study/research during the periods (1991-92, 2006-Present), am already an accomplished Astrophysicist and Research Scientist in, Astrophysics, Nuclear Physics, Physics and Astronomy), /and Student.    That, as well, - this plaintiff was (at all times during the creation of the film (1995-1997), - a (resident of the State of Florida)).

17.    Upon information and belief, Defendant (Cameron) is a Male individual, residing in, among other places, the County of Los Angeles, and/or the State of California, doing business in Encino, County of Los Angeles, the State of California.  Upon information and belief, defendant works as a Director, writer, producer, of motion pictures.   Defendant Cameron's motion pictures are exhibited and sold throughout  the world,

including in the State of Florida.   Defendant Lightstorm Entertainment Inc. is a company registered in city of

Encino, county of Los Angeles, the State of California, and is operated by, defendant Cameron, who upon

information and belief acts as its President/CEO.   Defendants (Sony Pictures Entertainment Inc., Paramount

Pictures Corp., Paramount Home Entertainment Inc., and Twentieth Century Fox Film Corp.), are incorporated

companies, residing in the city of Los Angeles, County of Los Angeles, the State of California.

18.     Venue and jurisdiction is/are, proper under ((Florida Code, Civil Practice and Procedures, Chapter 47,

Venue) –action arose in Florida), and under (Diversity, via 28 U.S.C. Sub. 1332, - (amount under controversy),

and  (citizens of different States)).   And under ((Venue, via 28 U.S.C. Sub. 1391, -  ( **"(b) Venue in**

**General.**—A civil action may be brought in— **(2)** a judicial district in which a substantial part of the events or

……. giving rise to the claim occurred,…").

19.     Additionally:  -Venue is proper here in the (USDC, Middle District of Florida, Orlando) due to:\

     -Venue is appropriate, WHEREVER I HAPPEN TO RESIDE, as, (everything in the film, including the

entire storyline/plot,  came out of my mouth, and/or is based on, only, my own name/image/likeness/ words/

photograph /ideas/ life history and life story/other), - I reside in Titusville, County of Brevard, State of Florida.

     -The entire theme of ("Rose"  going away with "Jack"), -which is in fact CENTRAL to the entire

storyline/plot, - is based on events which took place IN BREVARD COUNTY FLORIDA (1989).

     -The (Dancing scene, themes of the Dancing and party, and theme of do you want to go to a real party)

is, (other than that described in the attached (Affidavit, sworn March 18, 2017)), is BASED ON EVENTS

WHICH TOOK PLACE IN BREVARD COUNTY (1988).

     -The entire (theme of "Jack" interrupting "Rose'" despair, and of "Jack" saying to "Rose", -…."you

wont jump"), is BASED ON EVENTS WHICH TOOK PLACE IN BREVARD COUNTY (1989).

## THE FACTS

20.     I the Plaintiff,  had  personal/professional Boating career, in (Yachting, and on Mega-Yachts) 1979 to 2004.   That, my early years in Boating were spent with (Boats/Boat owners, in the local area I grew up, and cruising the areas of (Long Island Sound, from NYC to Nantucket, MA).

21.     That, in addition to my Boating career, (my own personal life story during the years (1994-97/and beyond  during  that  period)),  was  inclusive  of  numerous  very  "extraordinary"  incidents,  and  challenges interpersonally, not related to boating.

### *The inspiration for 'Titanic'*

22.     That, (due to my own life history stated in immediately preceding two paragraphs), and specifically due to only my own PERSONAL comportment, during that time period (1995-97), individually/and as pertains to my work within the Yachting industry, and (those aforementioned "Extraordinary" challenges that I faced during that time, /how I dealt with those),  -at the time, I was (as it were, -helping a friend), by doing what I did/HOW I went about doing it. −THAT, is where the story of 'Jack and Rose' comes from.    That dynamic, in conjunction with facts I relayed about myself, my life, my life story, (to friends during that same period), including regarding the actual vessel 'Titanic'/incident of its sinking, -drew, upon being told about myself, -the interest of James Cameron, who at the time, was considering making a film about 'Titanic'.    And that, upon (learning of all of that aforementioned regarding myself), the (original film 'Titanic') by James Cameron, WAS CONCEIVED.     (NOTE:  EVERYTHING, which went into to film, ORIGINATED with only myself, including the vessel, -via only my own remarks, and about the vessel/incident of its sinking).   That diving on and photographing of the vessel done by Jim, which went into the film), -BECAME, at that point, -when the film was conceived, …..-only and nothing more than, additional tools used by Jim, to tell only MY OWN, story. −This set against the backdrop, of the actual facts of the sinking/dramatic use of, -the more well known figures actually aboard the vessel, the dramatic story of my own relatives aboard the vessel −as told only by myself alone.

The truth is, -that, -due to the extraordinary challenges that I faced and how I did so, -a GREAT DEAL of word-of-mouth "publicity" as it were, were focused on myself, not only locally, but in fact, worldwide, -even before Jim heard about me, and the film 'Titanic' was made.  All took place simultaneously as it were, but separately.

23.    That in fact, (material was taken from myself, at various times 1995-97, during the creation of the film, and was placed directly into the film by James Cameron), inclusive of, (my image, my name via my own (story of my relations aboard Titanic), my ideas, my art, my actions, my music/ability vocally, my life-story, my personality and character, my interactions with others).    That in fact, that only which came from myself, FORMED, the script, and screenplay of the film, 'Titanic', -and were written by James Cameron.    Same was inclusive of actual verbatim dialogue out of my own mouth, which went into the film.

24.    That, (as stated) I described how, my own relatives (John and Florence Cumings), were passengers aboard the Titanic, and described how she had survived, and her husband John, had not.  –though at the time I did not know we were related-  (Note regarding the spelling of the name Cumings, as in (John and Florence Cumings). The modern spelling of the name, is as my own name is spelled, but (there are many spellings of our last name historically some of those being (Comyn, Cumin, Coming, Cuming, Cumings, Cummings), all are valid/and-or used by some family member/distant relation of my own, at one time or another in our family history.    The original name of our Family is Comyn.    Its Scottish.

25.    That, (during that time period, or actually, in February/March of 1995), I had spoken to my friends around the table, of the importance of the sinking event of Titanic, and what it had meant to our industry/changes it had brought.    I had also spoken of the comportment of those aboard Titanic including my own relative (Mr John Cumings), in placing "women and children" first, as much as was possible.    I consider their behavior and personal comportments to have been EXTRAORDINARY, and EXEMPLARY, -I am PROUD, to have Mr John Cumings and his Wife Florence, as relatives.

26.    That, Jim had heard, that I had on various occasions (prior to the making of the film) been responsible for saving lives literally, (additionally -during the period of filming of 'Titanic" by James Cameron (1995-97), I

myself was responsible for the saving of four lives,   -this time it was lightening on a Boat).      That   incident

was put referenced in the film also. (see attached "Affidavit" for description of how it was referenced in a

round about way).

27.    That, via (publication of a rendering of my image on mine of the storyboards which appears in James

Cameron's Book, "Titanic", -Jim has publicly acknowledged my association, to the film, and as sole inspiration

of the character 'Jack Dawson'/the entirety of the interpersonal story line of the film.      The nature of the

rendering itself, proves that, and his acknowledgement publicly of myself/my participation/the nature of it.


## *The 'Titanic' Franchise*

28.    As of the date of the filing of the Complaint, there have been two film releases (the original film

'Titanic' on Dec 10, 1997), and (the 3D version of the film, April 6, 2012), and several DVD releases, including

(original release, August 31, 1999), (Directors cut, 2010), and (3D version, April 6, 2012), and (DVD and Blu-

ray DVD, Sept 10, 2012), .   That upon information and belief, these movies/re-release of the original version,

have generated gross revenues, in excess of Two Billion Dollars.   In addition, to subsequent releases of the film,

after the date of this Complaint. (Which as I say, Note:   the film will have its 20th Anniversary, some few

days/weeks after date of this complaint, and its STILL ….."selling like hotcakes").     (That re the release of the

film April 2012, Fox Filmed Entertainment chairmen/CEOs **Jim  Gianopulos** and **Tom  Rothman** added

that *Titanic* is "one of the greatest sources of pride" in studio history.

29.    That, the success of the numerous releases, and specifically original release of the film 'Titanic', has

spawned a veritable franchise, generating millions of dollars of revenue on a yearly basis for the Defendants,

and also and additionally, in terms of sales of products related to the original film, including but not limited to

memorabilia, apparel, artwork, musical works and (CD sales film score), literary works, videos, DVD's, toys

and games.   The creation of such products, and the use of plaintiff's name/image/likeness/words/ photograph

/ideas/life history and life story/ other, in connection with such products, continues to this day.

30.     The 'Titanic' franchise of original and subsequent, film and DVD releases, are exhibited frequently on television throughout the World, and have made the Defendants all, (individual or collectively)/and or their sub-contractors (Actors and Actresses), household names causing them to enjoy MEGA-celebrity status and success. Indeed, 'Titanic' is arguably the single most important contributing factor, in MOST of the careers of the people involved in its creation.     And is conceivably, -the most popular and successful film EVER MADE.     Only history will tell.

It was already the most successful film ever made for its first 13 years, and in adjusted dollars, is still, the most successful film of our lifetimes.     It stayed number one at the box office for 15 straight weeks a record which still stands today.     It just recently had the most successful release of any DVD in the history of China.   It made James Cameron, the MOST SUCCESSFUL Film Director IN HISTORY, and contributed greatly to his success as a motion film Director, writer, producer, and businessman.


## Defendant's Misappropriation

31.     The     (Defendants)     all,     have     used,     and     continue     to     use,     my/this     Plaintiff's, name/image/likeness/words//photograph /ideas/ life history and life story/other,   in the promotion of the "Titanic Franchise", by capitalizing on the fact that 'Titanic' is based on a true story, -that of only my own, and set against other true facts –again, -which originate only with my own mouth/ descriptions/life/experiences. Such uses of my name/image/ likeness/ words/photograph/ideas/life history and life story /other, by the (Defendants), serve no purpose other than to promote the "Titanic Franchise", which generates tremendous revenue for defendant, and will continue to do so in the future.

32.     That,  the character of 'Jack Dawson' is based solely, wholly, and completely, on only myself alone.

         The film and characterization of 'Jack Dawson', does display what I feel is the true nature of the character, (ie myself), and of the film, and those aboard the actual vessel 'Titanic', -they/ we/ I,  ….."cemented his place in history with a courageous performance" (Wepner v. Stallone, 2003).   Aware that the story line of

'Titanic' mirror's MY OWN (this Plaintiff's), true story, the defendants all, seize/continue to seize, upon the opportunity to use my name/image/likeness/words/photograph/ideas/life history and life story/other, in drawing the comparison, which adds tremendous appeal to the "Titanic franchise", thus enhancing sales.

33.    In James Cameron's Book "Titanic" (referenced in attached "Affidavit"), defendant Cameron has included an Artist's rendering, of my image –without giving credit in words, and has discussed the film, the making of the film, and how it became a blockbuster movie.    Plaintiff is the true life character who provided the basis for all contained within same film, and the entirety of the character of 'Jack Dawson'.    During this time, numerous releases of the film, for theatres, and DVD releases have/are being marketed and sold throughout the world.

34.    That, the Defendants, all, have capitalized, and continue to capitalize, on the fact that using my name/image/likeness/words/photograph/ideas/life history and life story/other, in connection with the "Titanic Franchise", adds an element of reality to the product the defendants are selling.

35.    Aware of its intrinsic value, the (defendants) all, have used my (this Plaintiff's) name/image/likeness/words/photograph/ideas/life history and life story/other, in television interviews, in print, marketing materials, as part of products, and in promotional pieces, for the sole purpose of perpetuating the "Titanic Franchise" and in order to stoke the commercial interest in further products, including subsequent releases of the film 'Titanic"/other products based on same, including subsequent films about its creation.

36.    That, the (Defendant's), unauthorized use of my (this Plaintiff's), name/image/likeness/words/photograph/ideas/life history and life story/other, in this vain continues to this very day, selling the "Titanic franchise", to a new generation unfamiliar with the original movie.    Indeed, my name/image/likeness/words/photograph/ideas/life history and life story/other, are linked to various marketing materials attributed to the defendants, and prominently displayed in various media, including defendants official websites at various times all, and in materials used to market the sales of the DVD's.    In short, the material in the film that of my name/image/likeness/words/photograph/ideas/life history and life story/other, has spawned

numerous releases, and ....."inspired and continues to inspire audiences to follow their dreams with the same Courage" (Wepner v. Stallone, 2003).

37.     Through the use of my own (this Plaintiff's), name/image/likeness/words/photograph/ideas/life history and life story/other, in association with the marketing of the (releases of the film and DVD releases, and other products), a bridge is created, connecting the fantasy world of movies to real life, thus enabling the (Defendant's) all, to market the "Titanic Franchise", with the added element of having a "real life 'Jack Dawson'" among our midst, from which the (Defendant's) all, draw valuable marketing appeal.

39.     Plaintiff has never been offered any payment of monies, or public credit by name/identification, by these defendants.

## FIRST COUNT

### (For violation of Plaintiff's Right of Publicity)

41.     I the plaintiff, repeats, realleges, and incorporates each and every allegation contained in (Paragraphs 1-40), inclusive, as though fully set forth herein.

42.     That, the defendants, have used, and continue to use, my (name/image/likeness/words/photograph/ideas/ life history and life story/other), in the promotion of the "Titanic franchise", in order to enhance sales of products associated therewith, and in order to enhance the defendants own image.

43.     That, the defendants, misappropriation of my name/image/likeness/words/photograph/ideas/life history and life story/other, provides the defendants, with a commercial advantage by increasing the appeal and sales of products associated with the defendants.

44.     That, the defendants, have never secured the consent of myself this plaintiff, prior to creation of the film, either in writing or orally, to use my name/image /likeness/words/photograph /ideas/life history and life story/other, in the manner described herein, nor in any manner whatsoever.

45.     That, the defendants, were at all times relative hereto, aware that the use of my name/image/likeness/ words/photograph/ideas /life history and life story/other, as alleged herein was not authorized by myself the plaintiff.

46.     As a direct and proximate result of the defendants violation of my right to my own publicity, as described herein, I the plaintiff have suffered, and continue to suffer, severe financial damages in the form of lost income I the Plaintiff, should have received in compensation for my name/image/likeness/words/photograph/ideas/life history and life story/other, being used in the manner described herein.

## SECOND COUNT

### (For Unjust Enrichment)

47.     I the Plaintiff repeat, realleges, and incorporates each and every allegation contained in (Paragraphs 1-46) inclusive, as though fully set forth herein.

48.     As alleged hereinabove, the defendants, have misappropriated my, this plaintiff's, name/image/likeness/words/photograph/ideas/life history and life story/other, without my-this plaintiff's, consent, and without compensating myself this plaintiff, and have profited from such misconduct through the added sales appeal my name/image/likeness/words/photograph/ideas/life history and life story/other, lends to the defendants and the "Titanic franchise".

49.     As a result of such misconduct, the defendants, have been unjustly enriched, and are in possession of money that in good conscience and justice belongs to myself this plaintiff.

50.     As a direct and proximate result of the defendants acts of misappropriation and unjust enrichment, I the plaintiff, have suffered damages in the form of profits the defendants have earned from increased sales of products associated with the "Titanic franchise", a portion of which should be disgorged to myself, this lone plaintiff.

## THIRD COUNT

**(For Copyright Infringement)**

51.     I the plaintiff, do repeat, reallege, and incorporate each and every allegation contained in (Paragraphs 1-51) inclusive, as though fully set forth herein.

52.     I the plaintiff state (copyright infringement).   That the defendants have infringed upon my copyright photograph/image, and have misappropriated my name/image/likeness/words/photograph/ideas/life history and life story/other, and have as well, profited from that misconduct.

53.     That, as a result of such misconduct, the defendants have been unjustly enriched, and are in possession of money that in good conscience and justice belongs to myself this plaintiff.

54.     As a direct and proximate result of the defendants' acts of misappropriation/copyright infringement, and unjust enrichment via same, have caused damage to myself, the plaintiff, in the form of profits the defendants have earned from sale of products associated to the "Titanic franchise", a portion of which should be disgorged to myself this plaintiff.

## FOURTH COUNT

**(Trespass to Chattels/Conversion)**

55.     I the Plaintiff repeat, realleges, and incorporates each and every allegation contained in (Paragraphs 1-54) inclusive, as though fully set forth herein. I cite (California (CACI(2101)), Trespass to Chattels/Conversion.

56.     As alleged hereinabove, the defendants, have committed trespass to chattels/conversion, against my, this plaintiff's, name/image/likeness/words/photograph/ideas/life history and life story/other, without my-this plaintiff's, consent, and without compensating myself this plaintiff, and have profited from such misconduct through the added sales appeal my name/image/likeness/words/photograph/ideas/life history and life story/other, lends to the defendants and the "Titanic franchise".

57.     As a result of such misconduct, the defendants, have been unjustly enriched, via trespass to my chattels/conversion, and are in possession of money that in good conscience and justice belongs to myself this plaintiff.

58.     As a direct and proximate result of the defendants acts of trespass to chattels/conversion , I the plaintiff, have suffered damages in the form of profits the defendants have earned from increased sales of products

associated with the "Titanic franchise", (and based on that trespass/conversion), -a portion of which should be disgorged to myself, this lone plaintiff.

## STATEMENT OF CLAIM(S)

59.    I, (this lone Plaintiff Pre-se, Stephen Cummings) do hereby state the following Claim(s):

-Under (Fla. Title XXXIII, Fla. TitleViii Ch.95, Fla. Stat. Ann Chapter 540 and 540.08).), Misappropriation of name, image, likeness, photograph, words, thoughts, ideas, etc. /Right to publicity.

-Under Title 17 U.S.C., for Copyright infringement,

-Under (California, (CACI 2021, Trespass to Chattels/Conversion), *CALIFORNIA AND FLORIDA COMMON LAW TORT,*

-Unjust enrichment, under   ((Fla. Title XXXIII, Fla. TitleViii Ch.95, Fla. Stat. Ann Chapter 540 and 540.08).), Misappropriation of name, image, likeness, photograph, words, thoughts, ideas, etc. /Right to publicity), (California, (CACI 2021, Trespass to Chattels/Conversion), Title 17 U.S.C., for Copyright infringement,


I this plaintiff do seek (**a Total of $300,000,000.00) from these defendants (collectively), or (1/4 that amount, or $75,000,000.00) from (Lightstorm Entertainment Inc., Sony Pictures Entertainment Inc., Twentieth Century Fox Film Corporation) and ($35,000,000.00 each from Paramount Pictures Inc., Paramount Home Entertainment Inc.),   And, (continuing royalties, from all companies involved, from the sale of the film (in any/all forms form),  of 1% of total sales/year, since 1997 (without interest), in perpetuity, to myself and my heirs.**

I cite, (Florida Statute, Title VIII, Chapter 95, Sub.Ch.(95.031).   As to (Computation of time).


## REQUEST FOR RELIEF

WHEREFORE, I this Plaintiff, demand judgment:

### As to the First Count:

60.    Awarding myself the Plaintiff, (Compensatory damages, consequential damages, punitive damages, Actual damages and profits, and Statutory damages, special damages, exemplary damages) in the amount of $300,000,000.00, and other compensatory, consequential, and punitive damages.  AND, of ((1% of Net

Profit/year on any sales of the film in any form), (since 1997) and CONTINUING (for myself and my heirs) in perpetuity)).

**As to the Second Count:**

61.     Awarding myself the Plaintiff, (Compensatory damages, consequential damages, punitive damages, Actual damages and profits, and Statutory damages, special damages, exemplary damages) in the amount of $300,000,000.00, and other compensatory, consequential, and punitive damages.   AND, of ((1% of Net Profit/year on any sales of the film in any form), (since 1997) and CONTINUING (for myself and my heirs) in perpetuity)).

**As to the Third Count:**

62.     Awarding myself the Plaintiff, (Compensatory damages, consequential damages, punitive damages, Actual damages and profits, and Statutory damages, special damages, exemplary damages) in the amount of $300,000,000.00, and other compensatory, consequential, and punitive damages.   AND, of ((1% of Net Profit/year on any sales of the film in any form), (since 1997) and CONTINUING (for myself and my heirs) in perpetuity)).

**As to all Counts:**

63. Awarding myself the Plaintiff, (Compensatory damages, consequential damages, punitive damages, Actual damages and profits, and Statutory damages, special damages, exemplary damages) in the amount of $300,000,000.00, and other compensatory, consequential, and punitive damages.   And awarding this plaintiff all costs of suit and ((attorney's fees in future) if necessary, right now this plaintiff is Pro-se), and/or other fees incurred herein by myself this lone plaintiff, to the extent provided by the law.   Amount of damages to be shared in equal parts by the ( defendants upon whom attached liens are filed, (to an amount of **$75,000,000.00**

**against   (Lightstorm Entertainment Inc., Sony Pictures Entertainment Inc., Twentieth Century Fox Film Corporation) and ($35,000,000.00 each from Paramount Pictures Inc., Paramount Home Entertainment Inc.), for an amount in Total = $300,000,000.00)).     AND, of ((1% of Net Profit/year on any sales of the film in any form), (since 1997) and CONTINUING (for myself and my heirs) in perpetuity)).**

(Note: the 1% requested is from sale of the film in ALL FORMS (Theatres/television/DVDs/VHS/other), PER ANNUM (1997 to present and continuing in perpetuity), for myself and my heirs).  I have not asked for (profit from other items (tshirts/posters/etc), from the "Titanic franchise".

64.    Awarding myself this plaintiff, interest as may be provided by law, (beginning to accrue upon filing of this action), and

65.    Awarding myself this plaintiff, such other and further relief as the Court deems to be just and proper.

--------------------------------------------------------------------------------

I the sole lone Plaintiff in this action, appear before you entirely Pro-se, having NEVER AT ANY TIME, (hired or assigned ANY (agent, representative, advisor, attorney, or other individual or entity) in any way with regards to this action, these claims, or my involvement in the film, at any time.  All documents (Affidavit/liens/this Complaint and all associated documents/Motions/etc.) are written by myself alone, for use by myself alone.

I the plaintiff, demand a trial by jury as to all issues.   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (May  *16* , 2017).

Stephen Cummings, (Pro-se)

(P-1-S), 379 State Rd 50,

Titusville, FL,  32780

PATRICK LEUNG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6175038
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES OCT 01, 2019

---

## JURY DEMAND

-Plaintiff hereby demands a jury trial on all claims in this action triable by jury.

- I HAVE AND DEMAND ACCESS TO THIS COURT BASED ON MY CONSTITUTIONAL RIGHTS, FEDERAL AND STATE'S LAW.

-These claims have NEVER BEEN SUBMITTED (or associated in any way)-to any Judge previously,

-I have not/will not file any documents in this matter/in regard to it, (via any electronic means).

Respectfully Submitted,

_____

Stephen Cummings, Plaintiff, Pro-se

Dated:  May, ____16____, 2017

PATRICK LEUNG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6175038
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES OCT 01, 2019

## EXHIBITS